## Richmond.

### THOMAS C. PAYNE v. J. V. HOWELL, ET ALS.

#### November 18, 1926.

1. STREETS AND HIGHWAYS—*Proceedings to Open Public Road—Certification of the Proceedings of the Circuit Court to the Board of Supervisors.*—Section 1980 of the Code of 1919, requiring the circuit court to certify its proceedings, upon appeal from a decision of the board of supervisors on an application to open a public road, to the board of supervisors, "who shall carry out the judgment of the court," has no application where the court affirms the decision of the board refusing to establish the road and dismissing the proceeding, for the reason that there is no judgment to be carried out.

2. STREETS AND HIGHWAYS—*Application for Establishment of Public Road—Affirmance by Court of Decision of the Board of Supervisors—Case at Bar.*—Where it appeared in unequivocal language that a decision of a board of supervisors refusing to establish a public road was affirmed by the circuit court, it was unnecessary for the court to make any reference to the necessity for the road, or what would be just compensation to the landowners, or the county's lack of funds with which to pay the same; and the court's final judgment will not be reversed because of anything the court had to say on these subjects.

3. STREETS AND HIGHWAYS—*Petition to Open a Public Road—Dismissal of Petition—Offer of Petitioner to Pay Damages for the Taking and Damage to Property—Case at Bar.*—The instant case was an appeal to the circuit court from the decision of a board of supervisors dismissing a petition to open a public road. The circuit court held that the road in question was a public necessity and should be established; that $521.50 would be a just compensation for the land taken and damage to the residue in opening the road, but that the county had not sufficient funds available to pay the damages and affirmed the decision of the board of supervisors refusing to establish the road. The petitioner tendered to the court $521.50 in payment of the compensation and damages, whereupon the court said that it was without jurisdiction to accept the tender. There was nothing in the record to show what it would cost the county to open the road in addition to the $521.50 tendered.

*Held:* That there was no error in the court's action in refusing to

accept the $521.50 and that the judgment of the lower court must be affirmed.

4. JUDGMENTS AND DECREES—*Judgment Presumed to be Correct—Case at Bar.*—Where, in the instant case, an appeal to the circuit court from the decision of a board of supervisors refusing to establish a public road, the evidence taken by the court did not appear in the record by bill of exceptions or otherwise, the judgment of the lower court is presumed to be correct and in the absence of the evidence cannot be said to be erroneous.

Error to a judgment of the Circuit Court of Amherst county, on an appeal from the decision of the supervisors refusing to establish a public road. Judgment for defendants. Petitioner assigns error.

*Affirmed.*

The opinion states the case.

*Wm. Kinckle Allen,* for the plaintiff in error.

*Thomas Whitehead, L. H. Shrader,* and *Edward Meeks,* for the defendants in error.

WEST, J., delivered the opinion of the court.

Thomas C. Payne petitioned the board of supervisors of Amherst county to establish a public road from his land through the lands of J. V. Howell and others to State Highway No. 18. Five viewers, appointed by the board, examined the route and reported that the road was a public necessity; should be opened and kept in order at the public expense, and that $150.00 would be a just compensation to Thomas Howell's estate for the land which would be taken and the damages to the residue of the tract.

The widow and heirs at law of Thomas Howell were summoned to show cause against the report, and J. V. Howell appeared and defended on behalf of himself and

the other heirs. Commissioners were appointed to ascertain just compensation for the lands to be taken for the road and award damages, if any, resulting to adjacent or other property of the owners, beyond the peculiar benefits that would accrue to such properties. The commissioners fixed the value of the land taken at $300.00 and the damages at $700.00

The board decided that the compensation and damages allowed were excessive and unreasonable; that there were no funds available to pay the same or to construct the road; that it was not judicious and expedient to establish the road, and dismissed the proceeding. From this decision T. C. Payne appealed to the circuit court.

The circuit court, after hearing the testimony of numerous witnesses, including three members of the board of supervisors, and the arguments of counsel, entered the following judgment: The court "is of opinion and doth decide that the road in controversy is a public necessity and should be established as a public road; that the compensation and damages allowed by the commissioners to the landowners are excessive; that $100.00 is a just compensation for the land of Thomas Howell's estate proposed to be taken for said road, and that $421.50 is a just amount of damages to the residue of the tract of said owners; and that the financial condition of the county of Amherst does not justify or allow the expenditure necessary to establish said road at this time. And upon the court deciding that the road is a public necessity, but that the county has not sufficient funds available to pay the said damages and compensation, the appellant, one of the applicants before the board of supervisors, thereupon tendered in person to the court the sum of $521.50 in payment of the compensation and damages to which the

court had determined the estate of Thomas Howell was entitled, and asked the court to order the road to be established as a public road; whereupon the court said it was without jurisdiction to accept the tender of the said $521.50 and refused to accept it and so orders.

"Therefore, the court doth adjudge and order that the decision of the board of supervisors refusing to establish said road as a public road and dismissing the proceeding for the establishment of the same, be and the same is hereby affirmed, and that this case be dismissed.

"And thereupon the appellant asked that this case be dismissed without prejudice to any of his rights, but the court declined so to do.

"And it is further considered by the court that the appellees recover against the appellant their costs by them in this behalf expended."

To this judgment a writ of error was allowed by one of the judges of this court.

The only exception taken was to the action of the court in entering the foregoing judgment.

The plaintiff in error contends that, having decided that the road was a public necessity and should be established as a public road; that $521.50 was a just compensation for the lands of Thomas Howell's estate proposed to be taken, and the damages to the residue of the tract, the court should have accepted the tender of the $521.50 and certified its action to the board of supervisors, whose duty it was to carry out the judgment of the court.

[1] It is obvious that the clause in section 1980 of the Code requiring the court to certify its proceedings to the board of supervisors, "who shall carry out the judgment of the court," has no application where the court affirms the decision of the board refusing to establish

the road and dismissing the proceeding, for the reason that there is no judgment to be carried out.

[2, 3, 4] From a casual examination of the court's order it appears in unequivocal language that the decision of the board of supervisors was affirmed. This being done it was unnecessary for the court to make any reference to the necessity for the road or what would be just compensation to the landowners, or the county's lack of funds with which to pay the same, and the court's final judgment will not be reversed because of anything the court had to say on these subjects. There being nothing in the record to show what it would cost the county, in addition to the $521.50, to establish and maintain the road, there was no error in the court's action in refusing to accept that sum from one of the parties interested.

The evidence taken by the court does not appear in the record by bill of exception or otherwise. The judgment of the court is presumed to be correct, and, in the absence of the evidence, we cannot say it is erroneous.

*Affirmed.*